IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CV-648-D

| | | |
|---|---|---|
| JOEY THOMAS BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

In this action, plaintiff Joey Thomas Bryant ("plaintiff") challenges the final decision of

defendant Commissioner of Social Security ("Commissioner") denying his application for a

period of disability and disability benefits ("DIB") on the grounds that he is not disabled.  The

case is before the court on the parties' respective motions for judgment on the pleadings.  (D.E.

22, 37).  Both parties submitted memoranda in support of their respective motions (D.E. 23, 38)

and plaintiff filed a reply (D.E. 39).  The motions were referred to the undersigned Magistrate

Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (*See* D.E.

41).  For the reasons set forth below, it will be recommended that plaintiff's motion be allowed,

the Commissioner's motion be denied, and this case be remanded.

I.      **BACKGROUND**

        A.      **Case History**

        Plaintiff filed an application for DIB on 14 September 2009 alleging a disability onset

date of 5 December 2008.  Transcript of Proceedings ("Tr."), *e.g.*, 12.  His application was

denied initially and again upon reconsideration, and a request for hearing was timely filed.  Tr.

12, 97-108, 118-121.  On 28 January 2011, a hearing was held before an Administrative Law

Judge ("ALJ"). Tr. 29-63. The ALJ issued a decision denying plaintiff's claim on 12 April 2011. Tr. 12-24. Plaintiff timely requested review by the Appeals Council. Tr. 8. The Appeals Council admitted additional evidence (Tr. 495-515) and other material (Tr. 138-39, 247) submitted by plaintiff, including an 11 June 2011 letter from plaintiff's treating psychiatrist, Marion E. Wright, Jr., M.D. (Tr. 514-15), but denied the request for review on 19 September 2011 without making any supporting findings.[1] Tr. 1-5. At that time, the decision of the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 404.981. Plaintiff commenced this proceeding for judicial review on 14 November 2011, pursuant to 42 U.S.C. § 405(g). (*See In Forma Pauperis* Mot. (D.E. 1); Order Denying Mot. (D.E. 5); Compl. (D.E. 6)).

## B.    Standards for Disability

The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A person is under a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

---

[1] The Appeals Council stated simply:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We found that this information does not provide a basis for changing the [ALJ's] decision.

Tr. 1-2.

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* (d)(2)(A).

The disability regulations under the Act ("Regulations") provide the following five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in [20 C.F.R. § 404.1509], or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520(a)(4).

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. If

a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### C.    Findings of the ALJ

Plaintiff was 51 years old on the alleged onset date of disability and 53 years old on the date of the administrative hearing. *See* Tr. 23 ¶ 7; 34. He has a high school education and past work as a diesel mechanic and tractor trailer truck driver. Tr. 23 ¶¶ 6, 8; 34, 35, 36.

Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ made the finding at step one that plaintiff had not engaged in substantial gainful activity since 5 December 2008, his alleged onset date and the date on which plaintiff was involved in a motor vehicle accident. Tr. 14 ¶ 2. At step two, the ALJ found that during this period plaintiff had the following medically determinable impairments which were severe within the meaning of the Regulations, 20 C.F.R. § 404.1520(c): degenerative disc disease of the lumbar and cervical spine; psychiatric symptoms attributed to posttraumatic stress disorder ("PTSD"); major depression; and post-concussion syndrome. Tr. 14 ¶ 3. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the listings. Tr. 14 ¶ 4.

The ALJ determined that plaintiff has the RFC to perform light work,[2] subject to limitations that he is able to use his right arm for overhead work only occasionally and perform only simple, routine, repetitive tasks with only occasional interaction with others. Tr. 15 ¶ 5. Based on this RFC, the ALJ found at step four that plaintiff was not capable of performing his past relevant work. Tr. 23 ¶ 6. At step five, the ALJ accepted the testimony of a vocational expert ("VE") and found that there were jobs in the national economy existing in significant

---

[2] For the definition of light work, *see* 20 C.F.R. § 404.1567(b); *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "L-Light Work." The DOT is available at http://www.oalj.dol.gov/libdot htm (last visited 14 June 2013). The term "light work" and the terms for the other levels of physical exertion as used in the Regulations have the same meaning as in the DOT. 20 C.F.R. § 404.1567.

numbers that plaintiff could perform, including the occupations of cashier II, cleaner or housekeeper, and marker. Tr. 24 ¶ 10. The ALJ accordingly concluded that plaintiff was not disabled. Tr. 24 ¶ 11.

## II. DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See, e.g.*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Id.* at 401. Where, as here, the Appeals Council considers additional evidence before denying the claimant's request for review of the ALJ's decision, "the court must 'review the record as a whole, including the [additional] evidence, in order to determine whether substantial evidence supports the Secretary's findings.'" *Felts v. Astrue*, No. 1:11CV00054, 2012 WL 1836280, at *1 (W.D. Va. 19 May 2012) (quoting *Wilkins v. Sec'y Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991)). Remand is required if the court concludes that

the Commissioner's decision is not supported by substantial evidence based on the record as supplemented by the evidence submitted at the Appeals Council level. *Id.* at \*1-2 (holding that Commissioner's decision implicitly determining claimant not to have a severe mental impairment and failing to consider the effect of any such impairment on his ability to work was not supported by substantial evidence in light of additional evidence of claimant's depression admitted by Appeals Council, and remanding case to Commissioner for further proceedings).

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

### B.    Overview of Plaintiff's Contentions

Plaintiff contends that the ALJ's decision should be reversed because the ALJ did not find his vestibular ocular reflex impairment to be severe; purportedly failed to consider the effects of the vestibular ocular reflex impairment when determining plaintiff's RFC; and

purportedly failed to evaluate all of the medical opinion evidence. Because the court finds the issue of the ALJ's handling of the medical opinion evidence is dispositive of this appeal, it addresses below only that issue.

### C.     ALJ's Handling of Medical Opinions

Plaintiff contends that the ALJ failed to consider the medical opinions of Dr. Wright, his treating psychiatrist since April 2009, and Larry W. Simmons, L.C.S.W., his treating psychological therapist also since April 2009. The court finds that the ALJ did not adequately indicate or explain the weight, if any, he gave to the opinions of these treating sources.

"Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(2). An ALJ must consider all medical opinions in a case in determining whether a claimant is disabled. *See id.* § 404.1527(b); *Nicholson v. Comm'r of Social Sec. Admin.*, 600 F. Supp. 2d 740, 752 (N.D. W.Va. 2009) ("Pursuant to 20 C.F.R. §§ 404.1527(b), 416.927(b), an ALJ must consider all medical opinions when determining the disability status of a claimant.").

The Regulations provide that opinions of treating physicians and psychologists on the nature and severity of impairments are to be accorded controlling weight if they are well supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *see Craig*, 76 F.3d at 590; *see also Ward v. Chater*, 924 F. Supp. 53, 55-56 (W.D. Va. 1996); Soc. Sec. Ruling 96-2p, 1996 WL 374188 (2 Jul. 1996). Otherwise, the opinions are to be given

significantly less weight.  *Craig*, 76 F.3d at 590.  In this circumstance, the Regulations prescribe factors to be considered in determining the weight to be ascribed, including the length and nature of the treating relationship, the supportability of the opinions, and their consistency with the record.  20 C.F.R. § 404.1527(c)(2)-(6).

The ALJ's "decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the [ALJ] gave to the treating source's medical opinion and the reasons for that weight."  Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *5; *see also* 20 C.F.R. § 404.1527(c)(2); *Ashmore v. Colvin*, No. 0:11-2865-TMC, 2013 WL 837643, at *2 (D.S.C. 6 Mar. 2013) ("In doing so [i.e., giving less weight to the testimony of a treating physician], the ALJ must explain what weight is given to a treating physician's opinion and give specific reasons for his decision to discount the opinion.").  In some cases, the failure of an ALJ to explicitly state the weight given to a medical opinion constitutes harmless error, "so long as the weight given to the opinion is discernible from the decision and any grounds for discounting it are reasonably articulated."  *Spurlock v. Astrue*, No. 3:12-cv-2062, 2013 WL 841474, at *20 (S.D. W. Va. 28 Jan. 2013) (mag. judge's proposed findings and recomm.), *adopted*, 2013 WL 841474 (6 Mar. 2013).  Where there are multiple opinions from a single source, an ALJ does not necessarily have to discuss each opinion separately to make clear the weight given it and the underlying reasons.  *See* Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *2.

The same factors used to determine the weight to be accorded the opinions of physicians and psychologists (and other so-called "acceptable medical sources") apply to the opinions of providers who are deemed to be at a different professional level (or so-called "other sources"),

such as psychological counselors or therapists. *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *4 (9 Aug. 2006); *see also* 20 C.F.R. § 404.1527(c). As with opinions from physicians and psychologists, the ALJ must explain the weight given opinions of other sources and the reasons for the weight given. *See* Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6 ("[The ALJ] generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."); *Napier v. Astrue*, No. TJS-12-1096, 2013 WL 1856469, at *2 (D. Md. 1 May 2013) ("[T]he ALJ is required to 'explain in the decision the weight given to . . . any opinions from treating sources, non-treating sources, and other non-examination sources who do not work for the [the Social Security Administration].").

The opinions of physicians and psychologists, and other sources on issues reserved to the Commissioner, that is, legal conclusions, are not entitled to special weight because of their source, including statements that the claimant is disabled or unable to work. 20 C.F.R. § 404.1527(d)(1), (3). But these opinions must still be evaluated and accorded appropriate weight. *See* Soc. Sec. Ruling 96-5p, 1996 WL 374183, at *3 (2 Jul. 1996).

As to Dr. Wright, plaintiff argues that the ALJ failed to consider his 14 April 2009 assessment that plaintiff had PTSD and a GAF score of 50. Tr. 347. Plaintiff argues that the ALJ failed to consider the identical determinations by Mr. Simmons on 22 April 2009. Tr. 285.

Plaintiff also contends that the ALJ did not consider a number of other purported opinions by Mr. Simmons (*see* Pl.'s Mem. 23-25): (1) a 29 April 2009 statement that "I think that the patient's symptoms are related to his accident. I can see that he gets anxious when he talks about the accident. I can see him shutting down and retreating. It doesn't take much to set

9

off the panic." (Tr. 279; *see also* Tr. 278 (containing a 6 May 2009 statement that "I think the patient's current mental state of mind is definitely related to his preoccupation with his accident.")); (2) an 8 July 2009 statement that "I think the patient's problems with depression and panic anxiety are formidable" (Tr. 273); (3) a 2 December 2009 statement that "I think the patient's stresses are chronic now. I think he is reacting to his accident." (Tr. 439); (4) a 3 February 2010 statement that "[t]he patient is much less tolerant of relationship issues and the general stresses of life than he was before his accident" (Tr. 435); (5) a 17 February 2010 statement that "[t]he patient hasn't been able to function psychologically and emotionally since that [accident] happened" (Tr. 434); (6) a 12 May 2010 statement describing a stress attack plaintiff suffered in Mr. Simmons' office (Tr. 428); (7) a 9 June 2010 statement that plaintiff "sometimes has to lay down an hour, and at other times he has to lay down three or four hours and get through it" (Tr. 426); (8) a 25 August 2010 statement that "[t]he patient seems paralyzed by his symptoms" (Tr. 421); and (9) a 20 October 2010 statement that "I think his stresses are chronic. I trust what he tells me about not being able to focus" (Tr. 418).

Not all of these statements by Mr. Simmons are in the nature of opinions, but rather are restatements of what plaintiff told him or descriptions of what Mr. Simmons saw. This includes the 3 February 2010 statement about plaintiff's lower level of tolerance of relationship issues and general stresses than before the accident, the May 2010 description of the in-office stress attack, and the June 2010 statement about plaintiff having to lie down during stress attacks.

In addition, the ALJ did actually address a few of the opinions that plaintiff alleges he ignored. For example, the ALJ noted Dr. Wright's April 2009 diagnosis of plaintiff with PTSD and Mr. Simmons' December 2009 statement that plaintiff's stressors were chronic. *See* Tr. 19 ¶ 5. Further, the record otherwise suggests, again contrary to plaintiff's contention, that the ALJ

may well have considered comprehensively the medical opinions of Dr. Wright and Mr. Simmons in the record before him. His decision contains an extended description of the records of both providers. *See* Tr. 18-19 ¶ 5; 20 ¶ 5. The decision also includes a paragraph summarizing this evidence. Tr. 22-23 ¶ 5.

Nevertheless, the court agrees with plaintiff that the ALJ failed to indicate, expressly or otherwise, the weight he accorded all the medical opinions of Dr. Wright and the Mr. Simmons before him, and the reasons for the weight accorded. Notable examples are Mr. Simmons' opinions in July 2009 that plaintiff's problems with depression and anxiety were "formidable," on 17 February 2010 that plaintiff has not "been able to function psychologically and emotionally" since the accident, and in August 2010 that plaintiff seems "paralyzed" by his symptoms. These opinions all tend to some degree to counter the ALJ's determination that plaintiff is not disabled. Yet the ALJ does not explicitly address or otherwise clearly indicate the meaning he attributed to these opinions, the weight he accorded them, or the reasons for such weight.

A further example is Mr. Simmons' opinion in April 2009—well before the December anniversary of his accident—that plaintiff's symptoms were related to the accident and Mr. Simmons' inclusion of the diagnosis of PTSD in each of his treatment notes, including those containing the opinions cited by plaintiff. Notwithstanding this evidence, the ALJ found that "[i]t appeared to the claimant's therapist [Mr. Simmons] that [plaintiff's] medication was working and helping him to get better and then he would display symptoms of his PTSD and depression around the anniversary of his accident and that he allowed family and financial stressors to affect his mood." Tr. 22 ¶ 5. Thus, the ALJ appears to be stating that it was Mr. Simmons opinion that plaintiff's PTSD manifested itself around the anniversary of the accident,

but that at other times, stressors affected his mood because he "allowed" them to do so. This

finding by the ALJ leaves unclear the weight he gave Mr. Simmons' April 2009 opinion and his

ongoing diagnosis of plaintiff with PTSD and the reasons for whatever weight was accorded this

evidence. The ALJ does not otherwise resolve this ambiguity.

Moreover, when the ALJ did explicitly state that he was addressing opinion evidence, he

did not mention any opinions of Dr. Wright or Mr. Simmons. Instead, he spoke only of the

opinions of one of the psychological consultants[3] and the sole consulting physical examiner:

> As for the opinion evidence, the undersigned is assigning great weight to the State
> agency psychological consultant because the doctor was able to review the
> claimant's entire medical file and his opinion is consistent with the medical
> evidence of record. The opinion of Dr. Gibbs [the consulting physical examiner]
> is also being given significant weight because she was able to personally examine
> the claimant and his entire medical file.

Tr. 23 ¶ 5.

The ALJ's failure to indicate, either explicitly or otherwise, the weight he accorded all

the opinions of Dr. Wright and Mr. Simmons and the reasons for such weight require remand of

this case. *See Ladson v. Astrue,* No. 4:11-2565-TER, 2013 WL 655971, at *9 (D.S.C. 22 Feb.

2013) (remanding case for ALJ to address opinions of plaintiff's treating physicians and explain

weight accorded thereto); *Wilson v. Astrue*, No. 4:11cv102, 2012 WL 4717873, at *13 (E.D. Va.

1 Oct. 2012) (remanding case where ALJ did not adequately explain reasoning for giving

medical opinion only "slight evidentiary weight"); *Hampton v. Astrue,* No. 5:11–698–TMC,

2012 WL 3715941, at *2 (D.S.C. 28 Aug. 2012) ("While the Commissioner argues that the

residual functional capacity determined by the ALJ was not inconsistent with portions of [the

---

[3] The psychological consultant referenced is apparently Ben Williams, Ph.D., whose 26 March 2010 Mental RFC Assessment form (Tr. 375-78) the ALJ discussed (Tr. 20 ¶ 5). Dr. Williams also completed a Psychiatric Review Technique form (Tr. 361-74). The ALJ makes no reference to the other psychological consultant, Brett A. Fox, Psy.D., who completed the same forms on 2 November 2009 (*see* Tr. 301-14, 315-18) and made the same findings as Dr. Williams with a few exceptions (*compare* Tr. 311 *with* Tr. 371 and Tr. 315 *with* Tr. 375). The ALJ's finding that Dr. Williams was able to review plaintiff's "entire medical file" presumably refers to the file as of the time of the review, March 2010, because, of course, there is medical evidence for the period after that date.

treating physician's] opinions, the ALJ, while stating that he did not give [the treating physician's] opinions controlling weight, failed to explain what weight, if any, was given to [the treating physician's] opinions as required. Accordingly, a remand for further proceedings is necessary."); *Padgett v. Astrue*, No. 7:11–CV–105–FL, 2012 WL 1884700, at *4 (E.D.N.C. 2 May 2012) (mag. judge's rep. & recommendation) ("Without an analysis of all evidence and a sufficient explanation of the weight given to obviously probative exhibits it is not possible to determine if the ALJ's decision is supported by substantial evidence. . . . . Therefore, the ALJ should have explained the weight given to these [chiropractic] records."), *adopted* 2012 WL 1884696 (23 May 2012); *Mandycz v. Astrue*, No. SAG–10–2287, 2011 WL 5515489, at *2 (D. Md. 9 Nov. 2011) (remanding where ALJ expressly considered the medical opinions in plaintiff's file but failed to indicate weight given to the opinions).

The ALJ did not, of course, have the opportunity to consider Dr. Wright's 11 June 2011 letter. In that letter, Dr. Wright opines, in effect, that plaintiff's PTSD, in combination with a depressive disorder, imposes disabling limitations on plaintiff. (Tr. 514-15). Particularly in light of the ALJ's failure to adequately address the opinion evidence from Dr. Wright that was before him, the court cannot say the ALJ's decision is supported by substantial evidence without appropriate findings regarding this additional opinion evidence. This deficiency provides an additional basis for remand. *See Wilkin*, 953 F.2d at 96.

On remand, the Commissioner shall take care to explain the weight he gives to the opinions plaintiff's treating sources and the reasons for such weight so that any subsequent reviewer is able to assess whether his decision is supported by substantial evidence. The Commissioner must, of course, include in his consideration of the case on remand the 11 June 2011 letter of Dr. Wright and the other additional evidence submitted to the Appeals Council.

## III.    CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 22) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 37) for judgment be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation.

IT IS ORDERED that the Clerk send copies of this Memorandum and Recommendation to counsel for the respective parties, who shall have until 28 June 2013 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.  Any response to objections shall be filed within 14 days after service of the objections on the responding party.

This, the 14th day of June 2013.

James E. Gates
United States Magistrate Judge